# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 21, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KAITLIN RIPPLE, | * | |
| | * | |
| Petitioner, | * | No. 15-840V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Heather L. Pearlman*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 7, 2015, Kaitlin Ripple ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered Sjodren's syndrome and/or Lupus as a result of receiving the Human Papillomavirus ("HPV") vaccine and/or the meningococcal vaccine on August 13, 2012. *See* Petition, ECF No. 1. On August 20, 2019, the parties filed a Stipulation, which was adopted by the undersigned as her Decision awarding compensation on the same day. Decision, ECF No. 68.

On August 23, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 71 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $56,336.73, representing $42,222.90 in attorneys' fees and $14,113.83 in attorneys' costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. ECF No. 74. Respondent responded to the motion on August 30, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 38. Petitioner filed a reply on August 30, 2019, reiterating her belief that the requested amount of fees and costs was reasonable. ECF No. 39.

This matter is now ripe for consideration.

**I.       Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to an award of attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests the following rates for the work of her attorney, Mr. Mark Sadaka: $350.00 per hour for work performed in 2014 and 2015, $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $406.00 per hour for work performed in 2019. Fees App. Ex. 1 at 19. The undersigned finds the rates requested for 2014-2018 to be reasonable and consistent with what Mr. Sadaka has previously been awarded. However, his requested 2019 rate exceeds what he has previously been awarded, albeit by a single dollar. *See Puckett v. Sec'y of Health & Human Servs.*, No. 15-929V, 2019 WL 4894030, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019) (noting that Mr. Sadaka billed

$405.00 per hour for work performed in 2019 and finding that rate to be reasonable). Accordingly, the undersigned shall also compensate Mr. Sadaka for his 2019 work at $405.00 per hour, resulting in a reduction of **$34.50**.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed (140.1) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$42,188.40**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,113.83 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by Petitioner's expert, Dr. Yehuda Shoenfeld in reviewing medical records and preparing an expert report. Fees App. Ex. 1 at 19-20. These costs are all typical of Vaccine Program litigation and Petitioner has provided adequate documentation supporting the requested costs. Additionally, the undersigned has previously found Dr. Shoenfeld's requested rate of $500.00 per hour to be reasonable and finds it to be reasonable in the instant case in light of the work performed. *See Phillips v. Sec'y of Health & Human Servs.*, No. 16-906V, 2019 WL 3409975, at *4 (Fed. Cl. Spec. Mstr. May 16, 2019). Accordingly, Petitioner is entitled to the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $42,222.90 |
|---|---|
| (Reduction to Fees) | - ($34.50) |

---

[3] ($406.00 per hour requested - $405.00 per hour awarded) * 34.5 hours worked in 2019 = $34.50.

| **Total Attorneys' Fees Awarded** | **$42,188.40** |
|---|---|
| | |
| Attorneys' Costs Requested | $14,113.83 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$14,113.83** |
| | |
| **Total Amount Awarded** | **$56,302.23** |

**Accordingly, the undersigned awards a lump sum in the amount of $56,302.23, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).